## SHEPPARD v. KAIN.

1. It is not necessary; that one in possession of land, for which he has a deed, should deraign the title of his grantor, and show that he had right to convey, to entitle him to the protection of the statute, forbidding a freeholder to be sued out of the county of his permanent residence. Otherwise, it seems, if he is not in possession.

Error to the Circuit Court of Wilcox.

Assumpsit by the defendant, against the plaintiff in error.

The defendant pleaded in abatement, that he was a resident citizen and freeholder of Greene county, upon which issue was taken.

Upon the trial of the issue, the defendant read two deeds from certain individuals, conveying town lots to him, in the town of Eutaw, also two other deeds executed to him by the Judge of the County Court of Greene and others, appointed commissioners to sell the lots of the town of Eutaw, by which certain lots in the town of Eutaw were conveyed to him. It also appeared in evidence, that he had resided in Eutaw since the year 1838, upon one of the lots so conveyed to him, which was previous to the writ being issued. The court ruled that this evidence was not sufficient to sustain the plea.

Porter, for plaintiff in error, cited 7 Porter, 9.

ORMOND, J.—The statute (Clay's Dig. 342, § 163,) protects a resident freeholder from being sued out of the county of his permanent residence, and in our opinion, the evidence offered in support of the plea, made out a case, entitling the defendant to such exemption. It was not intended, that one in possession, holding a deed in fee to the land, to entitle himself to the protection of the statute, should deraign the title of his grantor, and show that he had good right to convey. It is sufficient that he has a deed from one who assert-

ed title to the land, and that he is in possession in virtue of the conveyance.

If he asserted his right to be exempt from suit by a deed to land not in his actual occupancy, it would be necessary to establish his right, by showing that he derived his right from one having title to the land. [7 Porter, 9.]

Let the judgment be reversed and the cause remanded.